# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

THOMAS W. LITTLE,

    Plaintiff,

v.                                                                            Case No: 8:14-cv-1769-T-30MAP

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

    Defendant.

_____

## **ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Stay (Dkt. #10) and Plaintiff's Response in Opposition to the Motion (Dkt. #12). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

This is a statutory bad faith action brought by Plaintiff, Thomas W. Little against Defendant, Allstate Property & Casualty Insurance Company pursuant to Florida Statutes § 624.155. Little was involved in an automobile collision on October 28, 2008. An underinsured motorist collided with Little and caused damage to him and his vehicle. Little made an insurance claim with Allstate which provided uninsured/underinsured motorist protection in the amount of $100,000 per person/ $300,000 per accident.

Little filed a breach of contract case against Allstate in the Duval County Circuit Court Case No.: 16-2010-CA-6432 (the "Underlying Lawsuit."). Little made a Proposal for Settlement in the Underlying Lawsuit for $25,000. Allstate did not accept the proposal.

On October 10, 2012, a jury returned a verdict in favor of Little in the amount of $978,070.00. The appellate court affirmed the verdict on appeal. As a result, Little filed a motion for his attorney's fees and costs. Allstate concedes that Little is entitled to costs, but disputes his entitlement to attorney's fees. The court in the Underlying Lawsuit conducted a hearing on the motion, but has not yet rendered a decision.

In this case, Little alleges that Allstate acted in bad faith in handling the underinsured motorist claim he made as a result of that accident. Allstate requests that this Court issue a stay of the litigation pending the outcome of the attorney's fees dispute in the Underlying Litigation. It argues that since Little is entitled to see Allstate's entire claims file due to his bad faith allegations in this action, he may view information that would prejudice Allstate in the Underlying Litigation. For example, the claims file contains privileged information including mental impressions about the Underlying Litigation and consideration of Little's Proposal for Settlement. Further, Allstate argues that it is Little's responsibility to maintain billing records or reconstruct time records through the use of his own file. If he obtains the claims file in this case, he will be able to use the information contained within it to reconstruct or supplement his billing records.

The district court has discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681 (1997). The Court may stay proceedings pending the resolution of a related case as a means of controlling its own docket. *Ortega Trujillo v. Conover & Co. Communications, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000). When a district court exercises its discretion to stay a case pending the resolution of a related proceeding in another forum, the district court must properly limit the scope of the stay. *Id*. "A stay must not be 'immoderate[]' " and the court

must consider "both the scope of the stay (including its potential duration) and the reasons cited … for the stay." *Id.  See also Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1525 (11th Cir. 1984) ("…a stay order must be evaluated in light of the court's strong obligation not to dismiss or postpone the federal claim in the absence of exceptional circumstances.")

Allstate has not sufficiently demonstrated that it will be prejudiced by Little's access to the claims file. The attorney's fees dispute in the Underlying Litigation pertains specifically to Little's Proposal for Settlement. Under section 768.79, a party has the right to attorney's fees when the following prerequisites have been fulfilled: (1) it has served a demand or offer for judgment and (2) it has recovered a judgment at least twenty-five percent more or less than the demand or offer. *Levine v. Harris*, 791 So. 2d 1175, 1177 (Fla. 4th DCA 2001). Whether the insurer unreasonably rejected the offer of judgment has no bearing on whether a party is entitled to attorneys' fees under the statute. *Id*. The sole basis on which a court can disallow an entitlement to an award of fees is if it determines that a qualifying offer was not made in good faith. *Id.  See also McMahan v. Toto*, 311 F.3d 1077, 1083 (11th Cir. 2002).

Therefore, the state court will resolve Little's motion for attorney's fees based on Little's compliance with the requirements of the statute and good faith basis in making the offer; not on Allstate's mental impressions regarding the offer. Further, the bad faith claim has properly accrued given the final judgment and the appellate ruling affirming it. *See Blanchard v. State Farm Mut. Auto. Ins.*, 575 So 2d 1289, 191 (Fla. 1991). Therefore, the potential for prejudice and irreparable harm does not exist here as it typically does in cases

where there are concurrent claims for breach of contract and bad faith against an insurer. *See Allstate Ins. Co. v. Baughman*, 741 So. 2d 624, 625 (Fla. 2d DCA 1999) (holding that discovery obtained by the insured from her insurer if allowed to litigate bad faith claim along with contract claim would irreparably harm the insurer when bad faith claim had not yet accrued).

The Court concludes that Allstate has not demonstrated prejudice or otherwise exceptional circumstances to justify staying this action. It is therefore

ORDERED AND ADJUDGED that Defendant's Motion to Stay (Dkt. #10) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of September, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1796 m to stay 10.docx